JOHN J. ROE *v.* THE CRESCENT MUTUAL INSURANCE COMPANY OF NEW ORLEANS.

Facts warranting an abandonment of a voyage by a steamboat on the Mississippi, and the recovery of freight thereupon, on a policy of insurance.

*By the Court:* In steamboat navigation on our rivers, where the trip, as from St. Louis to this city, is made in seven or eight days, and sometimes less, the owner of a boat would not be justified, even where there were warehouses, to detain a cargo a month or six weeks in order to make the necessary repairs, and continue the voyage.

APPEAL from the Third District Court of New Orleans, *Kennedy,* J. *Garrett Duncan,* for plaintiff. *Cohen,* for defendant and appellant.

MERRICK, C. J. The plaintiff, being the owner of the steamboat Delaware, through his agent, took an insurance of $4000 at the office of the defendant, on charges and three-fourths of the freight of the boat, for a trip from St. Louis to New Orleans.

The boat proceeded on her voyage, and about one hundred and twenty miles below St. Louis struck a snag, or some other obstacle, and was so seriously injured in her timbers as to be unable to proceed without risk of sinking.

The place where the accident happened was in the unsettled portions of the river: there was no warehouse near, where the merchandize could be stored, nor any way of protecting it from the weather or depredation.

A large part of the cargo consisted of potatoes and apples. St. Louis was the nearest port at which the repairs could be made. It was thought that the repairs could not be made under a month. The captain of the boat thereupon concluded to abandon the voyage. He sent forward the merchandize by another boat, the Illinois, at same rate for the whole cargo, $5397 52, deducting $2000 *pro rata itineris* for the freight earned by his own boat. The freight was paid to the steamboat Illinois on the safe delivery of the merchandize in this city.

The Delaware returned to St. Louis, was placed in the dock, and five or six weeks elapsed before her repairs were completed, when she took another cargo, and proceeded to New Orleans.

The plaintiff having brought suit on the policy against the insurance company for the loss of freight, the latter rested the action on the ground that the abandonment of the voyage was not justified by the state of facts then existing, and that it was the duty of the owner of the boat to have repaired and completed the voyage, and earned the freight, and that he was not justified in abandoning it on account of a temporary delay.

There was judgment against the defendant in the District Court, and the insurance company has appealed.

The insurance in the policy was merely upon the freight for the particular voyage.

We think, under the circumstances in this case, that the captain of the boat acted wisely and for the interests of all concerned in abandoning the voyage. He could not have continued it, for his boat was in danger of sinking. He could not have stored the goods, for he was in a wilderness, and moreover a large part of the freight was of a perishable kind. It was evidently the duty of the captain to send forward the freight by the first convenient opportunity.

In steamboat navigation on our rivers, where the trip, as from St. Louis to

this city, is made in seven or eight days, and sometimes less, the owner of a boat ROK *v.* CRESCENT INS. Co. would not be justified, even where there were warehouses, to detain a cargo a month or six weeks in order to make the necessary repairs, and continue the voyage.

The judgment of the lower court ought to be affirmed. *Rogers & Co.* v. *Nashville Marine and Fire Insurance Company*, 9 An., 537; Arnould on Ins., 1136, 1137; *Jordan* v. *Warren's Ins. Co.*, 1 Story; C. C., 342.

Judgment affirmed.

Rehearing refused.